

**FILED**

NOV 1 5 2005

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

            Plaintiff,

     v.

HERIBERTO RAMOS, JR.,

            Defendant.

_____/

CIV. NO. S-04-0819 EJG
CR. NO. S-03-0082 EJG

ORDER DENYING MOTION TO
VACATE, SET ASIDE OR CORRECT
SENTENCE

    Defendant, a federal prisoner proceeding pro se, has filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. After reviewing the record and the applicable law, the court has determined that the motion may be decided without a hearing because the files and records of the case affirmatively show the factual and legal invalidity of defendant's motion. Shah v. United States, 878 F.2d 1156, 1158-59 (9th Cir. 1989). For the reasons set forth below, the motion is DENIED.

///

///

1

1

## Background

2    On September 2, 2003, defendant pled guilty to one count of
3 misprision of a felony, in violation of 18 U.S.C. § 4, for
4 concealing his knowledge of a drug trafficking offense.  He was
5 sentenced November 14, 2003 to a term of 21 months imprisonment
6 and 12 months supervised release.  Pursuant to the terms of his
7 plea agreement, defendant waived his rights to appeal and
8 collaterally attack his sentence.  However, seven months after
9 his conviction, and despite the language of his plea agreement,
10 defendant has filed the instant motion seeking to vacate, set
11 aside or correct his sentence pursuant to 28 U.S.C. § 2255,
12 raising a number of substantive challenges to his plea and
13 sentence.[1]

14

## Discussion

15    As part of his plea agreement the defendant agreed to waive
16 his right to appeal his sentence and conviction as long as the
17 sentence was consistent with the parties' stipulations contained
18 in the plea agreement concerning sentencing guideline variables.
19 In addition, defendant also waived his right to collaterally
20 attack his plea and sentence.  Plea Agreement, 7:11-20 (attached
21 as Exhibit 1).  Defendant's waiver of his appellate rights is
22 enforceable as long as the waiver encompasses the grounds raised
23 in the challenge and is knowingly and voluntarily made.  United

24

25    [1]Due to administrative oversight, this motion has been under submission since July of
2004.  The court regrets the delay in resolution of the motion.

26                                    2

1  States v. Joyce, 357 F.3d 921, 922-23 (9th Cir. 2004) (upholding
2  waiver of appellate rights); United States v. DeJarnette, 63 Fed.
3  Appx. 284 (9th Cir. 2003) (upholding waiver of appeal and
4  collateral attack).

5      Here, defendant's waiver is broad, relinquishing "any right
6  he may have to bring a post-conviction attack on his conviction
7  or his sentence" and specifically agreeing "not to file a motion
8  under 28 U.S.C. § 2255." Plea Agreement, 7: 17-19.  Such broad
9  language clearly covers the issues raised in his motion.  This is
10 not an instance where the plea agreement provides a limited
11 waiver, listing exceptions in which appellate or post-conviction
12 attacks are contemplated.  See e.g.  United States v. Aureoles,
13 2005 WL 661433 (9th Cir., March 22, 2005) (plea agreement
14 expressly reserved right to bring post-conviction attack based on
15 ineffective assistance of counsel)[2]; United States v. Shimoda,
16 334 F.3d 846 (9th Cir. 2003)(defendant retained right to
17 challenge upward departure in collateral attack).

18     In fact, in the instant case the only limitation attached to
19 the waiver of appeal was that defendant's sentence be in
20 accordance with the guideline stipulations contained in the plea
21 agreement, that is a base offense level of 19, no opposition by

22 _____

23     [2] Pursuant to Rule 36-3 of the Rules of the Ninth Circuit Court of Appeals, unpublished
dispositions are not precedent and may not be cited except in certain limited circumstances.
24 Accordingly, while Aureoles has no precedential value, it is cited because it directly addresses
the factual issue raised in the instant case, namely specificity of limited waivers of appellate
25 rights and, therefore, is persuasive authority.

26                                    3

1  the government to a three-level reduction from the offense level
2  for acceptance of responsibility, and a sentence at the low end
3  of the guidelines, all of which occurred.  Plea Agreement, 7:5-6.

4      Finally, defendant has not alleged or demonstrated that his
5  waiver was either involuntary or unknowing.  To the contrary,
6  during the plea colloquy he was questioned extensively about both
7  his knowledge of and his willingness to waive his appellate
8  rights.  Defendant was specifically asked by the court whether he
9  understood the rights he was waiving, whether he had questions
10 about the waiver, and whether his waiver was knowingly and
11 voluntarily made.  Transcript of Rule 11 Proceedings, 9: 17-27
12 (attached as Exhibit 2).

13                          Conclusion

14     Because defendant has waived his right to collaterally
15 attack his sentence, the motion is DENIED.

16     IT IS SO ORDERED.

17 Dated: November **14**, 2005

18
                              EDWARD  J.  GARCIA,  JUDGE
19                            UNITED STATES DISTRICT COURT

20

21

22

23

24

25

26                                4

1  McGREGOR W. SCOTT
   United States Attorney
2  MARY L. GRAD
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, California 95814
4  Telephone: (916) 554-2763
5

FILED

SEP - 2 2005

JACK L. WAGNER, CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY CLERK

6

7               IN THE UNITED STATES DISTRICT COURT

8            FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10  UNITED STATES OF AMERICA,        )
                                     )   CR. No. S-03-082-EJG
11               Plaintiff,          )
                                     )
12          v.                       )
                                     )   PLEA AGREEMENT
13  HERIBERTO RAMOS, JR.,            )
                                     )
14               Defendant.          )
                                     )
15  _____)

16                              I.

17                        INTRODUCTION

18       A.  Scope of Agreement:  The Indictment in this case charges

19  the defendant with conspiracy to distribute and possess with intent

20  to distribute methamphetamine and cocaine and with use of a

21  telephone to facilitate a drug trafficking offense.  This document

22  contains the complete Plea Agreement between the United States

23  Attorney's Office for the Eastern District of California (the

24  "government") and the defendant regarding this case.  This Plea

25  Agreement is limited to the United States Attorney's Office for the

26  Eastern District of California and cannot bind any other federal,

27  state, or local prosecuting, administrative, or regulatory

28  authorities.

                              1

                          EXHIBIT 1

1    **B.   Court Not a Party:**  The Court is not a party to this Plea
2  Agreement.  Sentencing is a matter solely within the discretion of
3  the Court, the Court is under no obligation to accept any
4  recommendations made by the government, and the Court may in its
5  discretion impose any sentence it deems appropriate up to and
6  including the statutory maximum stated in this Plea Agreement.  If
7  the Court should impose any sentence up to the maximum established
8  by the statute, the defendant cannot, for that reason alone,
9  withdraw his guilty plea, and he will remain bound to fulfill all of
10  the obligations under this Agreement.  The defendant understands
11  that neither the prosecutor, defense counsel, nor the Court can make
12  a binding prediction or promise regarding the sentence he will
13  receive.

14                                    **II.**

15                        **DEFENDANT'S OBLIGATIONS**

16    **A.   Guilty Pleas:**  The defendant will plead guilty to the
17  Superseding Information charging misprision of felony in violation
18  of 18 U.S.C. § 4.  The defendant agrees that he is in fact guilty of
19  these charges and that the facts set forth in the Factual Basis
20  attached hereto as Exhibit A are accurate.

21    **B.   Special Assessment:**  The defendant agrees to pay a special
22  assessment of $100 at the time of sentencing by delivering a check
23  or money order payable to the United States District Court to the
24  United States Probation Office immediately before the sentencing
25  hearing.  The defendant understands that this Plea Agreement is
26  voidable by the government if he fails to pay the assessment prior
27  to that hearing.

28    **C.   Agreement to Cooperate:**  The defendant agrees to cooperate

                                       2

1  fully with the government and any other federal, state, or local law
2  enforcement agency, as directed by the government.  As used in this
3  Agreement, "cooperation" requires the defendant:  (1) to respond
4  truthfully and completely to all questions, whether in interviews,
5  in correspondence, telephone conversations, before a grand jury, or
6  at any trial or other court proceeding; (2) to attend all meetings,
7  grand jury sessions, trials, and other proceedings at which the
8  defendant's presence is requested by the government or compelled by
9  subpoena or court order; (3) to produce voluntarily any and all
10  documents, records, or other tangible evidence requested by the
11  government; (4) not to participate in any criminal activity while
12  cooperating with the government; and (5) to disclose to the
13  government the existence and status of all money, property, or
14  assets, of any kind, derived from or acquired as a result of, or
15  used to facilitate the commission of, the defendant's illegal
16  activities or the illegal activities of any conspirators.

17      If the defendant commits any crimes or if any of the
18  defendant's statements or testimony prove to be knowingly false,
19  misleading, or materially incomplete, or if the defendant otherwise
20  violates this Plea Agreement in any way, the government will no
21  longer be bound by its representations to the defendant concerning
22  the limits on criminal prosecution and sentencing as set forth
23  herein.  The determination whether the defendant has violated the
24  Plea Agreement will be under a probable cause standard.  If the
25  defendant violates the Plea Agreement, he shall thereafter be
26  subject to prosecution for any federal criminal violation of which
27  the government has knowledge, including but not limited to perjury,
28  false statements, and obstruction of justice.  Because disclosures

3

1  pursuant to this Agreement will constitute a waiver of the Fifth
2  Amendment privilege against compulsory self-incrimination, any such
3  prosecution may be premised on statements and/or information
4  provided by the defendant. Moreover, any prosecutions that are not
5  time-barred by the applicable statute of limitations as of the date
6  of this Agreement may be commenced in accordance with this
7  paragraph, notwithstanding the expiration of the statute of
8  limitations between the signing of this Agreement and the
9  commencement of any such prosecutions. The defendant agrees to
10  waive all defenses based on the statute of limitations or delay of
11  prosecution with respect to any prosecutions that are not time-
12  barred as of the date of this Agreement.

13      If it is determined that the defendant has violated any
14  provision of this Agreement or if the defendant successfully moves
15  to withdraw his plea: (1) all statements made by the defendant to
16  the government or other designated law enforcement agents, or any
17  testimony given by the defendant before a grand jury or other
18  tribunal, whether before or after this Agreement, shall be
19  admissible in evidence in any criminal, civil, or administrative
20  proceedings hereafter brought against the defendant; and (2) the
21  defendant shall assert no claim under the United States
22  Constitution, any statute, Rule 11(e)(6) of the Federal Rules of
23  Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or
24  any other federal rule, that statements made by the defendant before
25  or after this Agreement, or any leads derived therefrom, should be
26  suppressed. By signing this Agreement, the defendant waives any and
27  all rights in the foregoing respects.
28  ///

4

1

III.

2

**THE GOVERNMENT'S OBLIGATIONS**

3      The government will recommend that the defendant be sentenced
4    to a term of imprisonment at the bottom of the guideline range.
5    The government agrees to move to dismiss the charges contained in
6    the Indictment at the time of defendant's sentencing.

7

IV.

8

**MAXIMUM SENTENCE**

9      **A.  Maximum Penalty:**  The maximum sentence which the Court can
10   impose is three year imprisonment, a one year period of supervised
11   release, a fine of $250,000, and a special assessment of $100

12     **B. Violations of Supervised Release:** The defendant understands
13   and agrees that if he violates a condition of supervised release at
14   any time during the term of supervised release, the Court may revoke
15   the term of supervised release and require the defendant to serve up
16   to one additional year imprisonment.

17

V.

18

**ELEMENTS OF THE OFFENSE**

19   The defendant is pleading guilty to violation of 18 U.S.C. § 4,
20   misprision of the felony of distribution of methamphetamine, a
21   violation of 21 U.S.C. § 841(a)(1).  For the defendant to be found
22   guilty of this offense, the government would have to prove each of
23   the following elements beyond a reasonable doubt: 1) Jorge Ramos was
24   distributing methamphetamine to others and 2) the defendant became
25   aware of this crime, did not disclose it to law enforcement
26   authority, and assisted Jorge Ramos to avoid arrest by law
27   enforcement by carrying Jorge Ramos cellular telephone, and
28   informing Jorge Ramos of law enforcement surveillance and other

5

1   activities in the Stockton area when Jorge Ramos went to Las Vegas,
2   NV.

3                                  VI.

4                        **SENTENCING DETERMINATION**

5       **A.   Statutory Authority:**  The defendant understands that a
6   sentencing guideline range for this case will be determined by the
7   Court pursuant to the Sentencing Reform Act of 1984 (18 U.S.C.
8   §§ 3551-3742 and 28 U.S.C. §§ 991-998).  The defendant further
9   understands that the Court will impose a sentence within that
10  guideline range, unless the Court finds that there is a basis for
11  departure (either above or below the range) because there exists an
12  aggravating or mitigating circumstance of a kind, or to a degree,
13  not adequately taken into consideration by the Sentencing Commission
14  in formulating the guidelines.

15      **B.   Stipulations Affecting Guidelines Calculation:**  The
16  government and the defendant agree that there is no material dispute
17  as to the following sentencing guidelines variables and therefore
18  stipulate to the following:

19          **1.   Base Offense Level:** The government and the defendant
20      agree that the narcotics distribution that the defendant
21      concealed included amounts in excess of 500 grams of
22      methamphetamine, a base offense level 32.  Therefore, under the
23      applicable guideline sections, the base level offense for this
24      crime is 19.

25          **2.   Acceptance of Responsibility:**  If the United States
26      Probation Office determines that a three-level reduction in
27      defendant's offense level for his full and clear demonstration
28      of acceptance of responsibility is appropriate under U.S.S.G.

                                    6

1  § 3E1.1, the government will not oppose such a reduction.

2  **VII.**

3  **WAIVERS**

4  **A. Waiver of Constitutional Rights:** The defendant understands
5  that by pleading guilty he is waiving the following constitutional
6  rights: (a) to plead not guilty and to persist in that plea if
7  already made; (b) to be tried by a jury; (c) to be assisted at trial
8  by an attorney, who would be appointed if necessary; (d) to confront
9  and cross-examine witnesses against him; and (e) not to be compelled
10 to incriminate himself.

11 **B. Waiver of Appeal and Collateral Attack:** The defendant
12 understands that the law gives him a right to appeal his conviction
13 and sentence. He agrees as part of his plea, however, to give up
14 this right, as long as his sentence is consistent with the
15 stipulations set forth above about the sentencing guideline
16 variables.

17 The defendant also gives up any right he may have to bring a
18 post-conviction attack on his conviction or his sentence. He
19 specifically agrees not to file a motion under 28 U.S.C. § 2255 or §
20 2241 attacking his conviction or sentence.

21 If the defendant's conviction on any of the counts to which he
22 is pleading is ever vacated at the defendant's request, or his
23 sentence is ever reduced at his request, the government shall have
24 the right (1) to prosecute the defendant on any of the counts to
25 which he pleaded guilty; (2) to reinstate any counts that may be
26 dismissed pursuant to this agreement; and (3) to file any new
27 charges that would otherwise be barred by this agreement. The
28 decision to pursue any or all of these options is solely in the

7

1  discretion of the United States Attorney's Office.  By signing this
2  agreement, the defendant agrees to waive any objections, motions,
3  and defenses he might have to the government's decision.  In
4  particular, he agrees not to raise any objections based on the
5  passage of time with respect to such counts including, but not
6  limited to, any statutes of limitation or any objections based on
7  the Speedy Trial Act or the Speedy Trial Clause of the Sixth
8  Amendment.

9                              **VIII.**

10                  **ENTIRE PLEA AGREEMENT**

11     Other than this Plea Agreement, no agreement, understanding,
12  promise, or condition between the government and the defendant
13  exists, nor will such agreement, understanding, promise, or
14  condition exist unless it is committed to writing and signed by the
15  defendant, counsel for the defendant, and counsel for the United
16  States.

17                              **IX.**

18                  **APPROVALS AND SIGNATURES**

19     **A.   Defense Counsel:**  I have read this Plea Agreement and have
20  discussed it fully with my client.  The Plea Agreement accurately
21  and completely sets forth the entirety of the agreement.  I concur
22  in my client's decision to plead guilty as set forth in this
23  Agreement.

24

25  DATED:  $9/2/03$

26                              MICHAEL BIGELOW
                                Attorney for Defendant

27     **B.   Defendant:**  I have read this Plea Agreement and carefully
28  reviewed every part of it with my attorney.  I understand it, and I

                                 8

1  voluntarily agree to it.  Further, I have consulted with my attorney
2  and fully understand my rights with respect to the provisions of the
3  Sentencing Guidelines which may apply to my case.  No other promises
4  or inducements have been made to me, other than those contained in
5  this Agreement.  In addition, no one has threatened or forced me in
6  any way to enter into this Plea Agreement.  Finally, I am satisfied
7  with the representation of my attorney in this case.

8  DATED:  _9/2/03_          _____
9                            /HERIBERTO RAMOS, JR., Defendant

10     **C.   Attorney for United States:**

11        I accept and agree to this Plea Agreement on behalf of the
12  government.

13  DATED:  _9/2/03_
14
                            McGREGOR W. SCOTT
15                          United States Attorney
16
17                          By: _____
                                MARY L. GRAD
18                              Assistant U.S. Attorney
19
20
21
22
23
24
25
26
27
28

                                    9

1           **EXHIBIT "A"**

2           **Factual Basis for Plea**

3           In August 2002, the defendant became aware that Jorge Ramos was
distributing crystal methamphetamine, also known as Ice, as well as
4      methamphetamine.   On or about August 25, 2002, Jorge Ramos left
the Stockton area and traveled to Las Vegas, Nevada.   During the
5      period that Jorge Ramos was away form Stockton, the defendant
monitored law enforcement surveillance and other activities in the
6      Stockton area and reported them to Jorge Ramos,   The defendant did
not make the crime known to law enforcement authorities but took
7      affirmative steps to conceal the crime in August 2002 by providing
information to Jorge Ramos that assisted Ramos in avoiding
8      detection by law enforcement agents.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

---oOo---

THE UNITED STATES OF AMERICA, )
                              )
                   Plaintiff, )
                              )
vs.                           )    Case No. Cr.S-03-082
                              )
HERIBERTO RAMOS,              )
                              )
                   Defendant. )
_____)

AMMENDED

REPORTER'S TRANSCRIPT OF PROCEEDINGS

HELD BEFORE THE HONORABLE EDWARD GARCIA
JUDGE OF THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

ON SEPTEMBER 2, 2003

---oOo---

A P P E A R A N C E S

For the Plaintiff:          MARY GRAD
                            Deputy U.S. Attorney
                            U.S. Attorney's Office
                            501 I Street
                            Sacramento, California  95814

For the Defendant:          MICHAEL BIGELOW
                            Attorney at Law

REPORTED BY:  PATRICIA A. HERNANDEZ, CSR #6875

---oOo--

EXHIBIT 2

```
 1                        •       ---oOo---

 2                            PROCEEDINGS

 3                              ---oOo---

 4          THE CLERK:  Criminal S-03-082 United States versus

 5   Heriberto Ramos, Junior, and Ronnie Belasco, [ph.].

 6          MS. GRAD:  With respect to Mr. Belasko, your Honor,

 7   I do believe I have filed a dismissal of Mr. Belasko.  I

 8   think that his court procedure entered State Court and he

 9   has been sentenced.  I don't know whether that document

10   has reached you or not, your Honor.

11          THE COURT:  I don't have a copy of it but I recall

12   seeing it and signing off.

13          MR. BIGELOW:  Your Honor, if I may have just a

14   moment to obtain my client's signature, please?

15          THE COURT:  Yeah, my notes indicate, Miss Grad,

16   that Ronnie Belasko was dismissed on July 31, '03, on

17   written motion.

18          MS. GRAD:  That sounds correct, your Honor.

19          THE COURT:  Okay.

20          MR. BIGELOW:  Your Honor, I'm handing you the

21   signed plea agreement.

22          THE COURT:  As I understand it in a written plea

23   agreement, the Defendant Ramos offers to waive indictment

24   and plead guilty to a one count information charging

25   misprision of a felony, and he agrees to cooperate fully

26   with the Government, and to waive appeal and collateral

27   attack of the conviction and sentence.

28          In return, the Government agrees to recommend a
```

1   three-level reduction in offense level for Defendant's

2   acceptance of responsibility, and to recommend a sentence

3   at the low end of the guideline sentencing range, and to

4   dismiss the underlying indictment as to the Defendant.

5          Is that the plea agreement, Miss Grad?

6          MS. GRAD:  It is, your Honor.

7          MR. BIGELOW:  Yes, your Honor, it is.

8          THE COURT:  And Mr. Bigelow, you have discussed

9   this with Mr. Ramos, and that is what he wants to do?

10         MR. BIGELOW:  Yes, your Honor, it is.

11         THE COURT:  Is that correct, Mr. Ramos?

12         THE DEFENDANT:  Yeah.

13         THE COURT:  Is that what you want to do --

14         THE DEFENDANT:  Yes.

15         THE COURT:  -- waive indictment and plead guilty to

16  the superceding information?

17         THE DEFENDANT:  Yes, sir.

18         THE COURT:  Before accepting your guilty plea,

19  there are a number of questions I will ask you to ensure

20  that it is a valid plea, and I will have you sworn to tell

21  the truth for that purpose.

22         If you do not understand any of the questions or at

23  any time wish to consult with your attorney, please say so

24  since it is important to a valid plea that you understand

25  each question before you answer it.

26         Miss Clerk, please swear the Defendant.

27         THE CLERK:  Mr. Ramos, you do solemnly swear that

28  you will true answer make to such questions as shall be

3

1     put to you touching on your entry of plea, so help you
2     God?

3           THE DEFENDANT: Yes.

4           THE COURT: Do you understand that having been
5     sworn, your answers to my questions will be subject to the
6     penalty of perjury or making a false statement if do you
7     not answer truthfully?

8           THE DEFENDANT: Yes, sir.

9           THE COURT: I wish to advise you that you will be
10    sentenced under the Federal Sentencing Guidelines, and I
11    cannot now predict what your actual sentence will be. If
12    I accept your plea of guilty today, your case will be
13    referred to the U.S. Probation Office for a report and
14    recommendation, after which I will determine your
15    sentence. Until I receive that report, I simply don't
16    know enough about you, your background or the details and
17    circumstances of your offense to which you're offering to
18    plead guilty to predict what your actual sentence might
19    be.

20          Therefore, I advise you that if you plead guilty,
21    you may be sentenced to a term higher than your attorney
22    may be predicting or to the maximum term, and if your
23    attorney is making a mistake in the guideline
24    computations, that will not form a basis for you to
25    withdraw your guilty plea; do you understand that?

26           THE DEFENDANT: Yes, sir.

27           THE COURT: Also, recommendations by the Government
28    in return for your plea of guilty are but recommendations

4

1    only.  They are not binding on the Court, and I may decide

2    to impose a more severe sentence than that being

3    recommended by the U.S. Attorney and your attorney; and if

4    I should do that, you will not be entitled to withdraw

5    your guilty plea.  Do you understand that?

6              THE DEFENDANT:  Yes, sir.

7              THE COURT:  How old are you, Mr. Ramos?

8              THE DEFENDANT:  Nineteen, sir.

9              THE COURT:  How far did you go in school?

10             THE DEFENDANT:  12th grade.

11             THE COURT:  Do you understand what is happening

12   here this afternoon?

13             THE DEFENDANT:  Yes.

14             THE COURT:  Are you presently under the influence

15   of alcohol or any drug or narcotic?

16             THE DEFENDANT:  No, sir.

17             THE COURT:  Counsel, do either of you have any

18   doubts as to the Defendant's competence to plead guilty;

19   Mr. Bigelow?

20             MR. BIGELOW:  No, your Honor, I don't.

21             THE COURT:  Miss Grad?

22             MS. GRAD:  No, your Honor.

23             THE COURT:  I find the Defendant is competent to

24   plead at this time.

25             Have you had enough time now, Mr. Ramos, to discuss

26   your case and your plea of guilty with your attorney?

27             THE DEFENDANT:  Yes, sir.

28             THE COURT:  Are you satisfied with your attorney's

1    representation?

2         THE DEFENDANT:  Yes, sir.

3         THE COURT:  Has the superceding information been

4    filed yet, Miss Grad?

5         MS. GRAD:  I just handed it to your Clerk, your

6    Honor.

7         THE COURT:  I've got it.

8         MS. GRAD:  Now, I have prepared a waiver of

9    indictment form which Mr. Bigelow has with him this

10   morning, your Honor, or I mean this afternoon.

11        THE COURT:  Okay.  Let me read to you the charge

12   that you're offering to plead guilty to, Mr. Ramos.

13        In the superceding information to be filed, the

14   U.S. Attorney charges that you did on or about August,

15   2002, in the State and Eastern District of California,

16   have a knowledge of the actual commission of the felony

17   recognizable by a Court of the United States; to wit,

18   distribution of methamphetamine, that you did conceal the

19   same by providing information to Jorge Ramos, that you

20   assisted Jorge Ramos in avoiding detection by law

21   enforcement agents, and did not as soon as possible make

22   known the same to some judge or other person in civil or

23   military authority under the United States.

24        Miss Grad, will you please advise the Defendant of

25   the essential elements you would have to prove at trial

26   beyond a reasonable doubt to convict the Defendant.

27        MS. GRAD:  Yes, your Honor.  For the Defendant to

28   be found guilty of this offense, the Government would have

6

1   to prove each of the following elements beyond a

2   reasonable doubt: First, that George Ramos was

3   distributing methamphetamine to others.

4   Second, the Defendant became aware of this crime

5   and did not disclose it to law enforcement authorities,

6   and assisted Jorge Ramos to avoid arrest by law

7   enforcement by carrying Jorge Ramos's cellular telephone

8   and informing Jorge Ramos of law enforcement surveillance

9   and other activities in the Stockton area when Jorge Ramos

10  went to Las Vegas, Nevada.

11  THE COURT: Did you hear and understand the

12  statement of the Prosecutor of the essential elements of

13  the crime you're pleading guilty to, Mr. Ramos?

14  THE DEFENDANT: Yes.

15  THE COURT: Do you understand, then, the nature of

16  the charge that you are offering to plead guilty to and

17  what is necessary to constitute guilt of that offense?

18  THE DEFENDANT: Yes.

19  THE COURT: That offense is punishable by up to

20  three years inprisonment, a one year period of supervised

21  release, a fine of up to $250,000 and a $100 special

22  assessment; do you understand the maximum penalties?

23  THE DEFENDANT: Yes, sir.

24  THE COURT: Are you a citizen of the United States?

25  THE DEFENDANT: No, sir.

26  THE COURT: Do you understand that your plea of

27  guilty may result in your deportation, denial of

28  naturalization or exclusion from the United States?

7

1    THE DEFENDANT: Yes, sir.

2    THE COURT: Are you presently on parole or

3    probation?

4    THE DEFENDANT: No, sir.

5    THE COURT: I am now going to advise you of the

6    Constitutional Rights you will be giving up if you plead

7    guilty.

8    You have a right to plead not guilty and to stand

9    by your plea of not guilty to the charge; do you

10   understand that right?

11   THE DEFENDANT: Yes, sir.

12   THE COURT: You also have the right to a jury trial

13   on the charge and to be represented by counsel at that

14   trial; do you understand that right?

15   THE DEFENDANT: Yes, sir.

16   THE COURT: At your trial you have the right to see

17   and hear and question the witnesses against you; do you

18   understand that right?

19   THE DEFENDANT: Yes, sir.

20   THE COURT: And you also have the right to remain

21   silent and not incriminate yourself; do you understand

22   that right?

23   THE DEFENDANT: Yes, sir.

24   THE COURT: And do you understand that you cannot

25   be convicted of this charge unless all twelve jurors

26   agreed on your guilt beyond a reasonable doubt at your

27   trial; do you understand that?

28   THE DEFENDANT: Yes, sir.

8

1        THE COURT: If I accept your guilty plea to this

2    charge this afternoon, there will be no trial; that is, by

3    pleading guilty your are giving up your right to a jury

4    trial, your right to confront and question the witnesses

5    against you and your right to remain silent and not

6    incriminate yourself; do you understand that?

7        THE DEFENDANT: Yes, sir.

8        THE COURT: Now, other than what has been said here

9    in open court or that may appear in your written plea

10   agreement, has anyone made you any other promises in

11   connection with penalty or punishment to get you to plead

12   guilty?

13       THE DEFENDANT: No, sir.

14       THE COURT: Have you or anyone you know been

15   threatened in any way to get to you plead guilty?

16       THE DEFENDANT: No, sir.

17       THE COURT: As part of your plea agreement, you

18   agree to waive appeal and collateral attack of the

19   conviction and sentence; do you understand these rights?

20       THE DEFENDANT: Yes, sir.

21       THE COURT: Do you have any questions about waiver

22   of appeal and collateral attack?

23       THE DEFENDANT: No, sir.

24       THE COURT: Do you knowingly and voluntarily, then,

25   waive your rights to appeal and collateral attack of the

26   conviction and sentence?

27       THE DEFENDANT: Yes, sir.

28       THE COURT: Pardon?

9

1    THE DEFENDANT: Yes, sir.

2    THE COURT: Because you are waiving indictment, I

3    want to advise you of your rights in that connection.

4    You are advised that you cannot be prosecuted by

5    way of information unless you consent; that is because you

6    have a Constitutional Right to have the Government proceed

7    by way of indicting the charge, and you can't be indicted

8    unless the Grand Jury found probable cause to believe you

9    committed this crime.

10    Do you now wish to give up your right to be

11    prosecuted by indictment, and do you consent to proceed by

12    way of information and charge by the U.S. attorney?

13    THE DEFENDANT: Yes, sir.

14    THE COURT: Did you say you had a written waiver of

15    indictment?

16    MR. BIGELOW: We do, your Honor, and I am signing

17    it now, as is my client.

18    THE COURT: Mr. Ramos, did you sign this waiver of

19    indictment freely and voluntarily with the advice of your

20    lawyer and pursuant to the plea agreement?

21    THE DEFENDANT: Yes, sir.

22    THE COURT: It will be ordered filed also. The

23    superceding information is also ordered filed.

24    What is your plea, then, Mr. Ramos, to violation of

25    Section 4, Title 18, U.S. Code misprision of a felony in

26    the superceding information as I read it to you, guilty or

27    not guilty?

28    THE DEFENDANT: Guilty.

10

1        THE COURT:  And are you pleading guilty to the

2  charge freely and voluntarily and with the advice of your

3  lawyer because, in fact, you are guilty of the offense?

4        THE DEFENDANT:  Yes, sir.

5        THE COURT:  Could I have a brief factual basis for

6  the plea, Miss Grad?

7        MS. GRAD:  Yes, your Honor.

8        In August 2002 the Defendant became aware that

9  Jorge Ramos was distributing crystal methamphetamine, also

10  known as "ice," as well as methamphetamine.

11        On or about August 25, 2002, Jorge Ramos left the

12  Stockton area and travelled to Las Vegas, Nevada.  During

13  the period that Jorge Ramos was away from Stockton, the

14  Defendant monitored law enforcement surveilance and other

15  activity in the Stockton area and reported them to Jorge

16  Ramos.  The Defendant did not make the crime known to law

17  enforcement authorities, but took affirmative steps to

18  conceal the crime in August of 2002 that provided Jorge

19  assistance in avoiding detection from law enforcement

20  agents.

21        THE COURT:  Is that what you did, Mr. Ramos?

22        THE DEFENDANT:  Yes, sir.

23        THE COURT:  The Defendant's plea of guilty is

24  accepted, and the judgment of guilty is hereby entered.

25        The Court finds there is a factual basis for the

26  plea of guilty, that the Defendant understands the nature

27  of the charge and the consequences of the plea, that he

28  understands his constitutional rights, and that the

1  Defendant's plea of guilty was freely and voluntarily
2  made.

3        This matter will now be referred to the U.S.
4  Probation Office for a report and recommendation.
5  Sentencing will be postponed about ten weeks for that
6  purpose.

7        THE CLERK:  Friday, November 21st at 10:00 a.m.

8        THE COURT:  We'll schedule sentencing for -- what
9  did you say, January?

10        MR. BIGELOW:  No.  November, your Honor.  November
11  21st.

12        THE COURT:  November 21, '03, at 10:00 a.m.

13        Anything else for now, Miss Grad?

14        MS. GRAD:  No, your Honor.  Thank you.

15        THE COURT:  Mr. Bigelow?

16        MR. BIGELOW:  No, your Honor.

17        THE COURT:  All right.  Thank you, counsel.

18                    ---oOo---

19            [Whereupon court proceedings in the

20             above-entitled matter concluded.]

21                    ---oOo---

22

23

24

25

26

27

28

12